IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| EMI SAEGUSA-BEECROFT and ALEXANDER BEECROFT | ) ) ) | CIVIL NO. 18-00384 HG-KJM |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| HAWAIIAN AIRLINES, INC., and DOE DEFENDANTS 1-10, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND (ECF No. 26)**

Plaintiffs Emi Saegusa-Beecroft and Alexander Beecroft filed a Complaint against Defendant Hawaiian Airlines, Inc.

The Complaint alleges that Plaintiffs were passengers on a Hawaiian Airlines operated domestic flight from Honolulu, Hawaii to Hilo, Hawaii. Plaintiffs claim that part of the plane's interior ceiling landed on Emi Saegusa-Beecroft during the flight to Hilo.

The Complaint asserts that this Court has federal question subject-matter jurisdiction pursuant to the Warsaw and Montreal Conventions, the treaties governing passenger injuries on international flights.

Defendant Hawaiian Airlines, Inc. filed a Motion to Dismiss for lack of subject-matter jurisdiction. The Warsaw and Montreal Conventions are inapplicable because there was no international travel by the Plaintiffs. Plaintiffs' travel on a domestic,

1

inter-island flight does not provide a basis for federal question jurisdiction. There is also no federal question jurisdiction in this case pursuant to either the Federal Aviation Act or general maritime law.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 26) is **GRANTED WITHOUT LEAVE TO AMEND.**

**PROCEDURAL HISTORY**

On October 9, 2018, Plaintiffs Emi Saegusa-Beecroft and Alexander Beecroft filed a Complaint. (ECF No. 1).

On February 4, 2019, Defendant Hawaiian Airlines, Inc. filed MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION. (ECF No. 26).

On February 20, 2019, Plaintiffs Emi Saegusa-Beecroft and Alexander Beecroft filed their Opposition. (ECF No. 28).

On March 6, 2019, Defendant filed its Reply. (ECF No. 29).

The Court elected to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.2(d).

**BACKGROUND**

The Complaint alleges that on the morning of January 16, 2017, Plaintiffs Emi Saegusa-Beecroft and Alexander Beecroft traveled on a domestic, inter-island flight from Honolulu, Hawaii to Hilo, Hawaii. (Complaint at ¶ 7, ECF No. 1). The Complaint alleges the plane was owned, operated, and maintained by

2

Defendant Hawaiian Airlines. (Id. at ¶¶ 7, 9).

Plaintiffs claim that during the flight, part of the interior ceiling of the plane struck Plaintiff Emi Saegusa-Beecroft on the head, causing her injury. (Id. at ¶ 8).

Plaintiffs' Complaint alleges that this Court has federal question subject-matter jurisdiction pursuant to the Warsaw and Montreal Conventions governing passenger injury claims on international flights. (Id. at ¶ 5).

Defendant Hawaiian Airlines moves to dismiss on the basis that there is no federal question jurisdiction. Defendant brought a factual attack to subject-matter jurisdiction. Defendant provided the plane tickets and boarding passes for the Plaintiffs' January 16, 2017 travel on Hawaiian Airlines Flight 342 that specify the Plaintiffs' domestic travel was from Honolulu to Hilo. (E-ticket Receipts for Plaintiffs' January 16, 2017 flights, attached as Ex. A to Def.'s Motion to Dismiss, ECF No. 26-3; Plaintiffs' Boarding Passes, attached as Ex. B to Def.'s Motion to Dismiss, ECF No. 26-4).

Defendant also attached Plaintiffs' Responses To Interrogatories that admitted that Plaintiffs' entire travel was limited to the domestic, intrastate flight on Hawaiian Airlines from Honolulu to Hilo. (Pla.'s Responses to Interrogatories, attached as Exs. C and D to Def.'s Motion to Dismiss, ECF No. 26-5, 26-6).

Defendant argues that the Warsaw and Montreal Conventions are inapplicable because Plaintiffs did not travel

internationally.

Plaintiffs did not respond to Defendant's Motion with any affidavits or evidence to establish a factual basis for federal question subject-matter jurisdiction. Plaintiffs concede that the Warsaw and Montreal Conventions do not apply because there was no international flight.

Rather, Plaintiffs claim that there may be a basis for federal question subject-matter jurisdiction based on either the Federal Aviation Act or general maritime law.

**STANDARD OF REVIEW**

A plaintiff has the burden of proving that subject-matter jurisdiction does in fact exist. Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

Federal Rule of Civil Procedure 12(b)(1) requires that a case must be dismissed for lack of subject-matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).

A challenge to the Court's subject-matter jurisdiction may be "facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the party challenging jurisdiction argues that the allegations contained in a complaint are insufficient "on their face" to invoke federal jurisdiction. Id. A facial challenge, therefore, mirrors a

4

traditional motion to dismiss analysis. The Court must take all allegations contained in the pleading "to be true and draw all reasonable inferences in [its] favor." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

In a factual attack, the party challenging jurisdiction argues that the facts in the case, notwithstanding the allegations in the Complaint, divest the Court of subject-matter jurisdiction. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). No presumptive truthfulness attaches to the Complaint's allegations. Id. The party challenging jurisdiction presents "affidavits or other evidence properly brought before the court" indicating that subject matter jurisdiction is lacking. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The burden then shifts to "the party opposing the motion [to] furnish affidavits or other evidence to satisfy its burden of establishing subject matter jurisdiction." Id.; Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

## ANALYSIS

Federal district courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden

5

of proving the actual existence of subject-matter jurisdiction. Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Subject-matter jurisdiction is conferred on federal courts either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

## I. Diversity Jurisdiction

There is no diversity jurisdiction in this case.

Diversity jurisdiction exists where the matter in controversy is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); Exxon Mobil Corp., 545 U.S. at 553.

Plaintiffs are citizens of the State of Hawaii. (Complaint at ¶¶ 1-2, ECF No. 1).

Defendant Hawaiian Airlines, Inc. is incorporated in Delaware with its principal place of business in Honolulu, Hawaii. (Answer at ¶ 2, ECF No. 9). Defendant is a citizen of both Delaware and Hawaii for diversity purposes. 28 U.S.C. § 1332(c)(1); Indus. Tectonics Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

There is not complete diversity between the Parties because both Plaintiffs and Defendant are citizens of the State of Hawaii.

## II. Federal Question Jurisdiction

Plaintiffs' Complaint alleges that Plaintiffs were on a flight from Honolulu, Hawaii to Hilo, Hawaii, on January 16, 2017. Plaintiffs allege that a part of the aircraft's ceiling fell on Plaintiff Emi Saegusa-Beecroft while she flew from Honolulu to Hilo. (Complaint at ¶ 7, ECF No. 1).

Plaintiffs' Complaint alleges state law causes of action for negligence. (Id. at ¶¶ 13-18).

Plaintiffs cited to the Warsaw and Montreal Conventions as the basis for federal question subject-matter jurisdiction. The Warsaw and Montreal Conventions are inapplicable to this case.

### A. The Warsaw and Montreal Conventions Are Inapplicable To Travel Solely On Domestic Flights

The Montreal Convention is an international treaty to which the United States is a signatory. Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 1999 WL 33292734, at *29-*45 ("Montreal Convention").

The Montreal Convention governs "all international carriage of persons, baggage or cargo performed by aircraft" and provides the exclusive remedy for international passengers seeking damages against airline carriers. Id.; Narayanan v. British Airways, 747 F.3d 1125, 1127 (9th Cir. 2014). The Montreal Convention is the successor to the Warsaw Convention of 1929 and was the product of the United Nations efforts to harmonize the various amendments to

7

the Warsaw Convention's system of liability for international airline travel. Id. at 1127 n.2. Courts routinely rely upon Warsaw Convention precedent when examining the Montreal Convention. Phifer v. Icelandair, 652 F.3d 1222, 1224 n.1 (9th Cir. 2011).

Carriage is "international" within the meaning of the Montreal and Warsaw Conventions when the parties contracted for travel between two separate signatory countries. The international carriage is determined by the parties' intent, the place of departure and the intended destination, and whether there was a break in the carriage. See Montreal Convention, Art. 1(2).

A domestic leg of an international trip may fall within and be covered by the Warsaw and Montreal Conventions when the initial place of departure is in a different country than the intended place of destination. Zhang v. Air China Ltd., 866 F.Supp.2d 1162, 1167 (N.D. Cal. 2012). The Court's inquiry begins with the information provided on the tickets, itinerary, and documents of carriage. Coyle v. P.T. Garuda Indonesia, 363 F.3d 979, 987 (9th Cir. 2004); Kruger v. United Air Lines, Inc., 2007 WL 3232443, at *4 (N.D. Cal. Nov. 1, 2007). The Court need not consider a party's subjective intent when the objective evidence of the documents of carriage are unambiguous as to the place of departure and the place of destination. Id. (citing Coyle, 363 F.3d at 991).

Here, Defendant provided copies of the Plaintiffs'

8

itineraries, e-tickets, and boarding passes that indicate Plaintiffs' place of departure was Honolulu, Hawaii and place of destination was Hilo, Hawaii. (Exs. A and B, attached to Def.'s Motion, ECF Nos. 26-3 and 26-4). In addition, Plaintiffs admitted in their Responses to Interrogatories that they did not fly internationally but their travel was limited to the route between Honolulu and Hilo. (Pla.'s Responses to Interrogatories, attached as Exs. C and D to Def.'s Motion, ECF Nos. 26-5, 26-6).

In a factual attack to subject-matter jurisdiction, the burden shifts to the party opposing the motion to furnish affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction. Colwell v. Dep't of Health and Human Serv., 558 F.3d 1112, 1121 (9th Cir. 2009). Failure to present suitable evidence establishing subject-matter jurisdiction necessitates dismissal. Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011).

Plaintiffs did not submit any relevant evidence in response to Defendant's evidence that Plaintiffs' flight was domestic. Plaintiffs concede in their Opposition that the Warsaw and Montreal Conventions are inapplicable and that they did not travel internationally.

There is no federal question jurisdiction pursuant to the Warsaw and Montreal Conventions in this case.

Plaintiffs attempt to invoke federal question subject-matter jurisdiction in their Opposition based on the Federal Aviation Act and general maritime law. Neither provides a basis for

federal question subject-matter jurisdiction in this case.

    **B.    The Federal Aviation Act Does Not Provide Federal Question Subject-Matter Jurisdiction For Personal Injury Suits**

Plaintiffs claim in their Opposition that the Federal Aviation Act may provide a basis for federal question subject-matter jurisdiction.

The Federal Aviation Act, 49 U.S.C. § 40101 et seq., is a detailed statute that governs civil aviation within the jurisdiction of the United States. The Act does not create a private right of action for personal injuries during air travel. Martin v. Midwest Express Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009); In re Mexico City Aircrash, 708 F.2d 400, 404-08 (9th Cir. 1983).

Federal question jurisdiction exists when a plaintiff's well pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities. Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

There is nothing in the Complaint that would indicate Plaintiffs' claims raise a substantial question of federal law that would confer federal question subject-matter jurisdiction. Merrel Dow Pharm Inc. v. Thompson, 478 U.S. 804, 808 (1986). The

mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction. Id. at 817.

Plaintiffs indicate that the Federal Aviation Act's regulations may provide a standard for their state law negligence causes of action. This does not confer the Court with federal question jurisdiction. The United States Supreme Court has explained that there is no federal question jurisdiction when a plaintiff's state law claims require proof of a violation of a federal regulation. Id.

Courts have consistently ruled that personal injury suits that cite to the Federal Aviation Act and its regulations do not provide a basis for federal question subject-matter jurisdiction. O.S. v. Hageland Aviation Servs., 609 F.Supp.2d 889, 893 (D. Alaska 2008); Bagley v. Teirstein, 2016 WL 5818567, at *3 (S.D. Cal. Oct. 5, 2016); Brown v. City & Cty. of Honolulu, Civ. No. 14-00354 HG-KSC, 2015 WL 1564961, at *3 (D. Haw. Apr. 7, 2015).

Plaintiffs also attempt to argue that their state law negligence causes of action are preempted by the Federal Aviation Act and its regulations. The Ninth Circuit Court of Appeals has expressly ruled that the Federal Aviation Act, its amendments, and its regulations do not preempt state law personal injury causes of action relating to air travel. Gilstrap v. United Air Lines, Inc., 709 F.3d 995, 1004 (9th Cir. 2013) (finding the Air Carrier Access Act's amendment to the Federal Aviation Act did not have field-preemptive effects over plaintiff's state law negligence causes of action); Martin, 555 F.3d at 808 (finding

11

the Federal Aviation Act does not preempt the field of airline personal injury suits as the statute expressly preserves state remedies and contemplates state tort suits for personal injury).

**C. There Is No Maritime Law Jurisdiction In This Case**

Plaintiffs also argue that general maritime law provides jurisdiction over their Complaint.

A party seeking to invoke federal maritime jurisdiction for a tort claim must satisfy two conditions.

First, maritime tort jurisdiction has a locality requirement. Grubart v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). The plaintiff must demonstrate that the tort occurred on navigable water or demonstrate that the injury suffered on land was caused by a vessel on navigable water. Id.

Second, maritime tort jurisdiction requires that the tort be connected with traditional maritime activity. Id.

There are no allegations or facts presented in response to the Defendant's Motion to Dismiss that this case involves injuries on navigable water or an accident that is connected to a traditional maritime activity.

General maritime jurisdiction is not conferred solely because a plane flew over navigable water. The United States Supreme Court has explained that the mere fact that the alleged wrong occurred or was located on or over navigable waters is insufficient to turn an airplane negligence case into a maritime tort. Exec. Jet Aviation, Inc. v. City of Cleveland, Ohio, 409

U.S. 249, 268 (1972).  To rule otherwise would confer general maritime jurisdiction over all claims that occur on flights that flew over navigable waters.  That is not the case.  Maritime jurisdiction is generally limited in aviation cases to incidents where the plane crashed into navigable waters.  In re Air Crash at Belle Harbor, 2006 WL 1288298, *8-*10 (S.D. N.Y. May 9, 2006).

There is no basis for general maritime law jurisdiction over Plaintiffs' Complaint.

### III. Leave to Amend Complaint

Plaintiffs request leave to amend their Complaint.

Leave to amend may be granted unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts.  Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001).

Plaintiffs were required to file affidavits or other evidence to satisfy its burden of establishing subject-matter jurisdiction in opposition to Defendant's factual attack to subject-matter jurisdiction.  Colwell, 558 F.3d at 1121.  Plaintiffs failed to do so, which requires dismissal.  Moore, 657 F.3d at 895.

Plaintiffs have not established any basis for subject-matter jurisdiction.

First, there is no diversity jurisdiction.

Second, as explained above, the Federal Aviation Act does not provide a private cause of action for Plaintiffs to assert

against Defendant. Martin, 555 F.3d at 808. Plaintiffs' state law negligence causes of action do not provide a basis for federal question jurisdiction. Merrel Dow Pharm Inc., 478 U.S. at 806; Brown, 2015 WL 1564961 at *3. There is no basis for maritime jurisdiction in this case. Exec. Jet Aviation, Inc., 409 U.S. at 268.

Leave to amend would be futile and Plaintiffs' request for leave to amend is **DENIED**. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) (explaining that dismissal for lack of subject-matter jurisdiction should be without prejudice).

## IV. Defendant's Request for Sanctions

Defendant requests in its Reply that the Court impose sanctions on Plaintiffs' counsel, Andrew Daisuke Stewart.

Federal courts have "inherent power" to impose sanctions on attorneys who abuse the judicial process through bad faith or vexatious conduct. Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997).

The Court declines to impose sanctions.

**CONCLUSION**

Defendant Hawaiian Airlines, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 26) is **GRANTED WITHOUT LEAVE TO AMEND**.

Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is **ORDERED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: April 12, 2019, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge